IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL ALAN NULL                                                                                    PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:06cv237KS-MTP

ZURICH AMERICAN INSURANCE
COMPANY; And MAGCO, INC.                                                              DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Remand **[#3]** filed on behalf of the plaintiff.  The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows:


**FACTUAL BACKGROUND**

This case arises from an injury suffered by the plaintiff, Paul Alan Null ("Null"), on October 29, 2001, while in the course and scope of his employment with defendant Magco.  There is no dispute that notification of the injury was immediately provided by Magco to its workers' compensation carrier, defendant Zurich American Insurance Company ("Zurich").  Thereafter, the defendants contend that Zurich assumed all claim handling responsibilities, including but not limited to the payment of disability benefits and medical costs associated with the injury.

On August 24, 2006, Null initiated the present action in the Circuit Court for the Second Judicial District of Jones County, Mississippi.  The gravamen of Null's state

court complaint is that Zurich and Magco failed to pay disability benefits due him under the Mississippi Workers' Compensation Act in a timely manner. Null has asserted claims for bad faith and breach of fiduciary duty generally against both defendants.

The defendants timely removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Null is a citizen of Mississippi; Zurich is a New York corporation with its principal place of business in Schaumburg, Illinois; and Magco is a Mississippi corporation with its principal place of business in Wayne County, Mississippi. Therefore, as grounds for removal, the defendants asserted: (1) that there exists complete diversity between Null and Zurich; (2) that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000; and (3) that Magco, which is a nondiverse defendant, was fraudulently joined and its citizenship should therefore be disregarded for jurisdictional purposes.

To support the claim that Magco was fraudulently joined, the defendants submitted the Affidavit of Steven Mitchell, the Safety Officer of Magco, which states that Magco had no involvement in the administration, processing or payment of workers' compensation benefits to Null. Null subsequently filed a Motion for Remand in this action, asserting that Magco was not fraudulently joined and requesting that the subject suit be remanded to State court. The defendants have requested the court deny the Motion for Remand, asserting that Null has failed to show any reasonable possibility of recovery against Magco under Mississippi law.

## **STANDARD OF REVIEW - REMAND**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the

district court bears the burden of demonstrating that the case is one which is properly before that Court. See *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

### **Improper/Fraudulent Joinder**

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one.*" B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must show either that there is no reasonable "possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549;(citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969

(1964)))

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant, Magco. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549. *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. See *Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against Magco. *Badon*, 224 F.3d at 390.

Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*)(internal footnotes omitted)(*cert. den.* 125 S.Ct. 1825, 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)).  However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.  In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

## **ANALYSIS**

The defendants do not contend that there is outright fraud in the plaintiff's pleadings but only that there is no reasonable basis upon which the plaintiff can recover against Magco in state court.  The plaintiff's argument in favor of remand is that a

cognizable cause of action exists against the non-diverse defendant, Magco. Specifically, the plaintiff cites *Luckett v. Mississippi Wood, Inc.*, 481 So.2d 288 (Miss. 1985), wherein the Mississippi Supreme Court recognized that an aggrieved employee may bring a bad faith refusal action against his employer or his employer's workers' compensation carrier. *Id.* at 290.  As noted in plaintiff's brief, this holding has been relied upon in a number of federal court decisions, including *Shepherd v. Boston Old Colony Ins. Co.*, 811 F.Supp. 225 (S.D.Miss. 1992), and *Butler v. Nationwide Mut. Ins. Co.*, 712 F.Supp. 528 (S.D.Miss. 1989).  However, as the defendant points out, all of these cases merely hold that an employee may sue his employer for bad faith *if the employee can establish the requisite elements of bad faith*.

In order to establish such a claim, the employee must prove that the employer intentionally refused to pay a claim that was due with reasonable promptness *and* that the employer had no reasonable or arguable basis for its refusal to pay the claim timely. *See Blakeney v. Georgia Pac. Corp.*, 151 F.Supp.2d 736, 741 (S.D.Miss. 2001) (citing *Blue Cross & Blue Shieldof Miss., Inc. v. Campbell*, 466 So.2d 833, 847 (Miss. 1984)).

The defendant contends that Null has failed to present any proof or even specific allegations of fact to support such a claim against Magco and points to the Notice of Removal and the Affidavit of Steven Mitchell attached as Exhibit "B" thereto as evidence that Magco provided timely notification of Null's injury to Zurich. Thereafter, the defendants contend that Zurich handled Null's workers' compensation claim in its entirety, and Magco had no role in regard to the claims handling and payment activities that are the subject of the state court complaint.  For this reason, the defendants argue,

that Null has no viable claim against Magco, and Magco's citizenship must be disregarded for jurisdictional purposes.

The defendants contend that their removal of this action is supported by *Toney v. Lowery Woodyards*, 278 F.Supp.2d 786 (S.D.Miss. 2003), and *Hodges v. The Hartford Ins. Co.*, 2006 WL 1983889 (N.D.Miss., July 12, 2006). In Toney, Judge Lee recognized that the Mississippi Workers' Compensation Act requires employers to secure workers' compensation and, once this insurance is purchased, there can be no cause of action for bad faith against the employer without evidence that the employer actively participated in the acts alleged to constitute bad faith. 278 F.Supp.2d at 794. The employer in that case, which was a non-diverse defendant, offered an affidavit, unrefuted by the plaintiff, establishing that it had no active role in handling or adjusting the underlying workers' compensation claim. *Id*. at 791. Based on this undisputed evidence, the court concluded that the plaintiff had no viable basis for recovery against the employer and thus denied a motion to remand the case to state court and dismissed the non-diverse defendant. *Id*. at 794. Judge Pepper of the Northern District followed Judge Lee's reasoning in disposing of a similar issue in *Hodges*.

The plaintiff responds that the *Toney* and *Hodges* cases cited by the defendants "largely misunderstand or misapply the rule of joint liability prescribed in *Rogers v. Hartford Accident & Indemnity*, 133 F.2d 309 (5th Cir. 1998)." The plaintiff does, however, confirm that his own independent research has illustrated that this court has recently held that, in order to find liability against an employer, independent acts of bad faith or affirmative allegations of an act in conspiracy with the carrier must be

7

demonstrated.  *Garner v.Toys R Us,* 2006 U.S. Dist. Lexis 47088.  The plaintiff then concludes that "with such a similar issue being so recently decided by this same Court, this Plaintiff will merely reserve his right for review of such a ruling by the Fifth Circuit and acknowledge that this Court disagrees with their position."

This statement by the plaintiff appears to be a tacit admission that he has not made independent allegations of misconduct or bad faith against Magco to justify keeping it here.  Further, a careful review of the Complaint filed in State court and of the affidavit filed in Reply to the defendants' Response to the Motion to Remand does not reveal any such independent allegations which would justify a cause of action against Magco and thus require a remand of this case.  Indeed, the plaintiff relies on joint and several liability and the fact that Magco was represented in the Worker's Compensation proceedings by the same attorney as Zurich as the basis to defeat a dismissal of Magco for improper joinder.  Such a contention is insufficient to defeat removal.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#3]** filed on behalf of the plaintiff is denied and defendant Magoc is dismissed with prejudice as being improperly joined..

IT IS FURTHER ORDERED AND ADJUDGED that the stay previously imposed in this matter is lifted and that the parties shall contact Judge Parker within ten days of this order for the entry of a new Case Management Order.

SO ORDERED AND ADJUDGED this the 22nd day of June, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE